**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BILLY CHARLES AARON,                                                                                    PETITIONER
ADC # 110649

v.                                                     5:15CV00215-DPM-JJV

WENDY, KELLEY, Director, Arkansas
Department of Correction,                                                                           RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Billy Charles Aaron, an inmate of the Arkansas Department of Correction (ADC), filed this Petition under 28 U.S.C. § 2254 and Brief in Support on July 6, 2015. (Doc. Nos. 1, 2.) Mr. Aaron states that he is "not challenging his civilian conviction. He is challenging his state court case." (Doc. No. 2.) It appears that he is "challenging" a ruling in a state civil case. In his Brief in Support, he asks the Court to issue a declaratory judgment, issue injunctions, and award compensatory and punitive damages. (Doc. No. 3.) However, habeas corpus relief is only available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court believes Mr. Aaron filed a petition for writ for habeas corpus when in fact he intended to file a 42 U.S.C. § 1983 complaint alleging a violation of his constitutional rights.

There are fundamental differences between a § 1983 cause of action - where an inmate seeks money damages or injunctive relief from unconstitutional treatment - and a habeas action under 28 U.S.C. § 2254 - where an inmate seeks relief from an illegal or unconstitutional sentence. The United States Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), explained what constitutes a habeas action as opposed to a § 1983 claim. Importantly, the Court noted that the

2

petitioner's label is not controlling. *Id*. at 489-90. Instead, courts look to the substance of the relief sought in distinguishing habeas from § 1983 causes of action. *Id.* In the instant case, Mr. Aaron seeks injunctive and declaratory relief as well as monetary damages. (Doc. No. 3 at 11.) So he is clearly seeking relief only available by filing a complaint under § 1983.

"If 'it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). To avoid summary dismissal of a § 2254 petition, a petitioner must state facts that "point to a real possibility of constitutional error" or violation of federal law. *Mayle v. Felix*, 545 at 655. Here, the Court concludes that Mr. Aaron's Petition is without merit and, based on *Mayle v. Felix*, summary dismissal is appropriate.

Mr. Aaron may file this action under § 1983, but he is cautioned that he has been determined a "three-striker" within the meaning of the Prison Litigation Reform Act. Under the "three strikes" provision codified at 28 U.S.C. 1915(g), a prisoner may not bring a civil action if he has filed three previous cases that were dismissed for being "frivolous, malicious, or fail[ed] to state a claim upon which relief may [have been] granted . . ." 28 U.S.C. § 1915(g). If Mr. Aaron wishes to proceed with filing a new § 1983 case, he must submit the statutory filing fee of $400.00 to the Clerk.

### **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    Mr. Aaron's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice and the requested relief be DENIED; and

    2.    A certificate of appealability should be denied.[1]

IT IS SO ORDERED this 15th day of July, 2015.

                                                    _____
                                                    JOE J. VOLPE
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Aaron has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.